## EMILE FRANCOIS v. THE STATE.

1. MISCEGENATION. — This court adheres to and reaffirms its rulings in *Frasher v. The State*, 3 Texas Ct. App. 263, sustaining the constitutionality and the unimpaired validity of the provision of the original Penal Code which made it a felony for a white person to intermarry with a negro or a person of mixed blood.  The fact that the said provision discriminated against the white race, by denouncing the penalty against it alone, did not invalidate it.  [Note that the Revised Penal Code abolishes this discrimination, and punishes offenders of both races.]

2. MARRIAGE. — The several States of the Federal Union have the exclusive right to declare how their citizens may marry, whom they may marry, and the legal consequences of the marriage contract.

APPEAL from the District Court of Travis.  Tried below before the Hon. E. B. TURNER.

A term of five years in the penitentiary was the punishment assessed against the appellant.

*C. T. Garland*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.    This prosecution arose under art. 386 of the Penal Code (Pasc. Dig., art. 2016), which reads thus: " If any white person shall within this State knowingly marry a negro, or person of mixed blood descended from negro ancestry to the third generation, inclusive, though one ancestor of each generation may have been a white person, or, having so married in or out of this State, shall continue within this State to cohabit with such negro, or such descendant of a negro, he or she shall be punished by imprisonment in the penitentiary not less than two nor more than five years."

We see no objection to the indictment.   It appears to have been framed with reference to and in conformity with the views of this court as expressed in *Frasher* v. *The State*, 3 Texas Ct. App. 263, and the court did not err in overruling the defendant's motion to quash.

It is earnestly contended — and this is the only question really involved in the case — that art. 386, above quoted, is unconstitutional and void, because it discriminates against the white race in assessing the punishment; the punishment being solely against the white, and no punishment whatever being denounced against the black race for a violation of the same law.   In support of these constitutional objections we are cited to Art. I., sects. 2, 21, and 23 (Bill of Rights), of the State Constitution of 1869, and also to Art. I. (Bill of Rights), sects. 3 and 29, of the State Constitution of 1876.

The sections in the Constitution of 1869 referred to are as follows : " Sect. 2. All freemen, when they form a social compact, have equal rights ; and no man or set of men is entitled to separate public emoluments or privileges."
" Sect. 21. The equality of persons before the law is herein

recognized, and shall ever remain inviolate; nor shall any citizen ever be deprived of any right, privilege, or immunity, nor be exempted from any burdens or duty, on account of race, color, or previous condition." "Sect. 23. To guard against transgressions of the high powers herein delegated, we declare that everything in this Bill of Rights is excepted out of the general powers of government, and shall forever remain inviolate; and all laws contrary thereto, or to the following provisions, shall be void."

Sect. 3, Art. I., of the Constitution of 1876 is a literal copy of sect. 2 of Art. I. of the Constitution of 1869, as quoted above, and sect. 29 of the same Constitution is a literal copy of the twenty-third section of the Constitution of 1869, also quoted above. These provisions, it is contended, abrogate art. 386 of the Penal Code, which was passed previously — on the twelfth day of February, 1858. It is also contended that art. 386 is in contravention of the Thirteenth, Fourteenth, and Fifteenth Amendments to the Constitution of the United States.

We do not propose to discuss anew these questions. They were all before this court and were settled in the case of *Frasher* v. *The State*, 3 Texas Ct. App. 263, in which it was held that the statute had not been abrogated, but was in force as part of the law of the State. The case of *Burns* v. *The State*, 48 Ala. 195, cited by counsel for appellant, has been expressly overruled by the Supreme Court of Alabama in the case of *Green* v. *The State*, 58 Ala. 190, in which it was held that "marriage is not a mere contract, but a social or domestic institution upon which are founded all society and order, to be regulated and controlled by the sovereign power for the good of the State; and the several States of the Union, in the adoption of the recent amendments to the Constitution of the United States, designed to secure to citizens rights of a civil or political nature only, and did not part with their hitherto unquestioned power of regulating, within their own borders, matters of purely social and domestic concern."

" Marriage," as was said by the Supreme Court of Delaware, "is a contract of a peculiar character, and subject to peculiar principles.   It may be entered into by persons who are incapable of forming any other lawful contract; it can be violated and annulled by law, which no other contract can be; it cannot be determined by the will of the parties, as any other contract may be; and its rights and obligations are derived rather from the law relating to it than from the contract itself."   *Townsend* v. *Griffin*, 4 Harr. (Del.) 440.

The States alone have the right to declare how their citizens may marry, whom they may marry, and the consequences of their marrying.   *Frasher* v. *The State*, 3 Texas Ct. App. 276.   Art. 386 was but a part and parcel of the law of the State upon the subject — a regulation which she had the right to make and the power to enforce.   She has never intended to abrogate this wise social provision; on the contrary, she has by recent enactment so extended the prohibition as to make it doubly effective, by making both the white and negro races alike amenable to punishment for such unlawful marriages.   Rev. Penal Code, art. 326.   And this latter statute is no evidence of the fact that our law-makers deemed the former void, or that it was void.

The judgment is affirmed.

*Affirmed.*